UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

S<small>HANE</small> D. L<small>AYER</small>,

Petitioner,

v.

A<small>NGELA</small> M. O<small>WENS</small>,

Respondent.
_____/

Case No. 16-cv-13886

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

U<small>NITED</small> S<small>TATES</small> M<small>AGISTRATE</small> J<small>UDGE</small>
M<small>ONA</small> K. M<small>AJZOUB</small>

**O<small>RDER</small> G<small>RANTING</small> R<small>ESPONDENT'S</small> M<small>OTION TO</small> D<small>ISMISS</small> [7]**

Petitioner, Shane D. Layer, filed a petition for writ of habeas corpus on October 31, 2016. Dkt. No. 1. Petitioner is a federal prisoner confined at the Metropolitan Correctional Center (MCC), Chicago, Illinois. Dkt. No. 1, p. 1 (Pg. ID No. 1). On June 27, 2016, U.S. District Court Judge Thomas L. Ludington sentenced petitioner to a 16-month term of imprisonment for violating the conditions of his supervised release. *United States of America v. Layer*, No. 08-cr-20018 (E.D. Mich. June 27, 2016). Petitioner's current projected release date is June 20, 2017. Dkt. No. 7-1, p. 2 (Pg. ID No. 27).

Respondent filed a Motion to Dismiss on December 22, 2016. Dkt. No. 7. In that motion, Respondent argues that a challenge to the execution of a sentence, i.e., sentence computation, must be brought under 28 U.S.C. § 2241 in the district

which has personal jurisdiction over the defendant's custodian.

Having reviewed applicable law, the Court concludes that Respondent is correct. "Federal prisoners may file a § 2241 petition in which they challenge the execution or manner in which the sentence is served only in the district court having jurisdiction over the prisoner's custodian." *Anderson v. Warden, FCI Texarkana*, 48 F. App'x 118, 119 (6th Cir. 2002) (affirming dismissal of a petition for being filed in the incorrect jurisdiction). *See also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484 (1973); *Wright v. U.S. Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977) ("The habeas corpus power of federal courts over prisoners in federal custody has been confined by Congress through 28 U.S.C. § 2241 to those district courts within whose territorial jurisdiction the custodian is located."). Thus, since Petitioner is currently confined in Chicago, Illinois, the proper district in which to bring this claim would be the Northern District of Illinois.

Accordingly, Respondent's Motion to Dismiss [7] is **GRANTED**. Because the Court lacks jurisdiction over Petitioner's custodian, Plaintiff's complaint is **DISMISSED** without prejudice to refiling in the proper district.

IT IS SO ORDERED.

Dated:	January 3, 2017

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge